**UNITED STATES of America, in its own right and on behalf of the LUMMI NATION, Plaintiff—Appellee,**

**The Lummi Nation, in its own right, Intervenor—Plaintiff—Appellee,**

and

**Ecology Department of the State of Washington, Defendant— Appellee,**

A.B. Coghill; Humberto Del Castillo; Barbara Demorest; Dorothy Drumheller; Walter Edson; Paul Enfield; Mary Enfield; Bernard Fernandez; Lesli M. Higginson; Eva Gutierrez; Robert F. Gutierrez; Kenny Handy; Suzanne Hoffman; Robert Kandiko; Joanne J. Kotjan; James E. Lesage; Justin Mccartney; Larry R. Olsen; Steven Axtell; Bel Bay Water Association; Gerald R. Boyd; Jack Brooks; Lois Brroks; Myron Carr; Marilyn Carr; Albert Coghill; Troy Curran; Esperanza Moreno; Robert Earl; Nancy E. Jackson; Madsen Rev Trust Everett L & Shirley D; Edna Morse; Nielsen Brothers Inc.; Brian N.M. Oliver; Sunset Water Association; Luella M. Olsen; Janet C. Ott; Michael L. Ring; Richard E. Schmidt; William C. Schnobrich; Sally R. Schnobrich; Cecil C. Shields; Douglas B. Smith; Linda P. Smith; Linnea G. Smith; William D. Smith; James K. Temple; Leana G. Tracy; Martreck Tracker; Kevin Vermillion; Mary Vermillion; Mark Weilage; Kathryn Weilage; Martha J. Witt; Richard S. Witt; Brian Wright;

Jennifer Wright; Harnden Island View Water Association; Georgia Manor Water Association, Defendants—Appellees,

v.

Marlene DAWSON; Kenneth G. Dawson; David A. Williams; Gail Whitney; Mildred Kay Clark; Jeffrey J. Clark; Wes Whitney; Linda Jolly; Debra Sofie; Richard Dawson, Defendants—Appellants.

No. 07–36057.

United States Court of Appeals, Ninth Circuit.

Submitted April 28, 2009.*

Filed July 2, 2009.

Before: SKOPIL, LEAVY, and T.G. NELSON, Circuit Judges.

MEMORANDUM **

This appeal has been filed *pro se* by individuals who objected to the district court's approval of a settlement agreement regarding rights in the groundwater located on the aquifer underlying the Lummi Reservation on the Lummi Peninsula. We have jurisdiction over this appeal under 28 U.S.C. § 1291. We review the district court's approval of the agreement for abuse of discretion and may "reverse the district court only if its decision was based on an error of law or clearly erroneous findings of fact." *See United States v.*

*Oregon,* 913 F.2d 576, 580 (9th Cir.1990). We affirm.

The district court found the settlement agreement to be fundamentally fair, adequate, and reasonable, and its decision to approve the agreement was not based on an error of law or clearly erroneous findings of fact. *See id.* ("Before approving a consent decree, a district court must be satisfied that it is at least fundamentally fair, adequate and reasonable," and conforms to applicable laws.). The district court gave the individuals who objected to the settlement agreement an opportunity to air their objections, and considered those objections before approving the agreement. *See id.* at 582 ("A disputed decree that lacks the consent of those who negotiated it may be approved, so long as each party is given the opportunity to 'air its objections' at a reasonableness or fairness hearing.").

The Case Area is located on the Lummi Reservation, and the Lummi Reservation is "Indian Country." *See* 18 U.S.C. § 1151(a); 1855 Treaty of Point Elliott, 12 Stat. 927; Exec. Order (Nov. 22, 1873); *see also Solem v. Bartlett,* 465 U.S. 463, 470, 104 S.Ct. 1161, 79 L.Ed.2d 443 (1984); *Seymour v. Superintendent,* 368 U.S. 351, 357–59, 82 S.Ct. 424, 7 L.Ed.2d 346 (1962).

The settlement agreement does not violate the Appellants' equal protection rights because any preference given to the Indians is "political rather than racial in nature," and "can be tied rationally to the fulfillment of Congress' unique obligation toward the Indians." *Morton v. Mancari,* 417 U.S. 535, 553, 554 n. 24, 555, 94 S.Ct. 2474, 41 L.Ed.2d 290 (1974); *see Washington v. Wash. Commercial Passenger Fish-*

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*ing Vessel Ass'n,* 443 U.S. 658, 673 n. 20, 99 S.Ct. 3055, 61 L.Ed.2d 823 (1979).

We have considered and reject all other arguments raised on appeal.

**AFFIRMED.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.